Filed 3/25/25  P. v. Silva CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> ANTONIO SILVA, <br><br> Defendant and Appellant. | B337643 <br><br> (Los Angeles County <br> Super. Ct. No. BA447145) |

APPEAL from an order of the Superior Court of Los Angeles County, Laura F. Priver, Judge.  Affirmed with directions.

Esther R. Sorkin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, standard 8.1.

In 2017, a jury convicted appellant Antonio Silva of four counts of attempted murder and four counts of assault with a firearm, with true findings on firearm, gang, prior conviction, and prior prison term allegations.

In 2023, Silva filed a Penal Code section 1172.75[1] motion for resentencing in connection with these convictions. At the hearing on the motion, the court orally pronounced a new sentence with an aggregate term of 38 years 8 months in prison, comprised as follows: (1) the midterm of seven years on count 1, which was doubled to 14 years pursuant to the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12), plus (2) 20 years for the firearm use allegation, plus (3) a consecutive term of 4 years 8 months calculated as one-third the midterm on count 2. The court stayed the firearm use enhancement on count 2. On counts 3 and 4, the court imposed concurrent terms. On counts 5 through 8, the court stayed the sentences pursuant to section 654. The court struck the prior prison term enhancements and dismissed the gang enhancements. Additionally, the court imposed but stayed a $300 victim restitution fund fine, a $300 parole revocation fine, a $40 court security fee, and a $30 criminal surcharge fee.

Following the hearing, the abstract of judgment was amended in a manner that does not accurately reflect the court's oral pronouncement at the hearing. Namely, the amended abstract reflects that the court resentenced Silva to an aggregate term of 44 years 8 months in prison and vacated all fees and fines.

---

[1] All further statutory references are to the Penal Code.

Silva appealed, seeking amendment of the abstract of judgment so that it correctly reflects the court's oral pronouncement. Respondent agrees, as do we. (See *People v. Zackery* (2007) 147 Cal.App.4th 380, 389 ["[r]endition of the judgment is normally an oral pronouncement, and the abstract of judgment cannot add to, or modify, the judgment, but only purports to digest and summarize it"].) Accordingly, we direct the trial court, following remand, to amend the abstract of judgment to correctly reflect the court's oral pronouncement of judgment. (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185 ["[c]ourts may correct clerical errors at any time, and appellate courts . . . that have properly assumed jurisdiction of cases have ordered correction of abstracts of judgment that did not accurately reflect the oral judgments of sentencing courts"].)

## DISPOSITION

We direct the trial court, following remand, to amend the abstract of judgment to reflect that Silva's aggregate sentence was 38 years 8 months and that fees and fines were imposed, but stayed. In all other respects, we affirm.

NOT TO BE PUBLISHED.

ROTHSCHILD, P. J.

We concur:

BENDIX, J.

WEINGART, J.

4